UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 20-291 (DSD/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | **SUPERSEDING INDICTMENT** |
| Plaintiff, | 18 U.S.C. § 2 |
| | 18 U.S.C. § 371 |
| v. | 18 U.S.C. § 1341 |
| | 18 U.S.C. § 981(a)(1)(C) |
| 1. GREGORY CARL KOCH and | 18 U.S.C. § 2461(c) |
| 2. JEROME DAVID KANGAS, | 31 U.S.C. § 5324 |
| Defendants. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

## INTRODUCTION

1. From approximately 2013 to June 2018, GREGORY CARL KOCH and JEROME DAVID KANGAS used their positions as Manager of Retail Operations and Continuous Positive Airway Pressure (CPAP) clinician, respectively, at Victim Company to defraud Victim Company out of hundreds of thousands of dollars in compensation through false and fraudulent pretenses, representations, promises and omissions of material facts.

2. At all times relevant to this Indictment, Victim Company was a health care provider located in the State and District of Minnesota.

3. At all times relevant to this Indictment, GREGORY CARL KOCH was a resident of the State and District of Minnesota. In or about May 2011, KOCH was hired as a CPAP Clinician at Victim Company. KOCH was promoted to Manager of Retail Operations at Victim Company in approximately 2012. His job responsibilities included

SCANNED
JUL 07 2022
U.S. DISTRICT COURT MPLS

CASE 0:20-cr-00291-DSD-DTS   Doc. 89   Filed 07/07/22   Page 2 of 9

United States v. Gregory Carl Koch, et al.                                            Crim. No. 20-291 (DSD/DTS)

oversight of sales of CPAP machines at one of Victim Company's retail locations, as well as the supervision of numerous full and part-time ("casual") CPAP clinicians.

4.  At all times relevant to this Indictment, JEROME DAVID KANGAS was a resident of the State and District of Minnesota. From approximately June 2013 until June 2018, KANGAS was employed by Victim Company as a "casual" CPAP clinician. KANGAS's job responsibilities included instructing and educating customers regarding the use and maintenance of CPAP machines.

## SCHEME TO DEFRAUD

5.  Between approximately June 2013 and June 2018, defendants GREGORY CARL KOCH and JEROME DAVID KANGAS, each aiding and abetting the other, knowingly and intentionally devised and executed a scheme and artifice to defraud and to obtain money from Victim Company by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts.

6.  It was part of the scheme to defraud that, after he was promoted to Manager of Retail Sales for Victim Company, KOCH assisted KANGAS in becoming a Victim Company employee supervised by KOCH for the purpose of embezzling Victim Company's funds.

7.  It was part of the scheme to defraud that, in his supervisory capacity, KOCH allocated to KANGAS certain overtime pay, referred to as "pager pay," to increase bi-weekly payroll checks issued to KANGAS by Victim Company. "Pager pay" was compensation to which CPAP clinicians were entitled for handling calls from Victim Company customers outside of regular business hours.

CASE 0:20-cr-00291-DSD-DTS Doc. 89 Filed 07/07/22 Page 3 of 9

United States v. Gregory Carl Koch, et al.                  Crim. No. 20-291 (DSD/DTS)

8. It was part of the scheme to defraud that KOCH entered and approved falsified work hours for KANGAS in Victim Company's electronic time entry system, despite knowing that KANGAS did not perform work commensurate with his pay. Over the five-year period that KANGAS was employed by Victim Company, KOCH approved over 38,000 hours of regular, weekend and overtime (including "pager pay") work on KANGAS's behalf.

9. It was part of the scheme to defraud that KOCH caused Victim Company to issue bi-weekly payroll checks to KANGAS based on the fraudulent work hours KOCH entered in Victim Company's time entry system.

10. It was part of the scheme to defraud that KANGAS received the bi-weekly payroll checks from Victim Company by mail and deposited them into his Wells Fargo Bank account, even though he well knew that he did not work the hours for which Victim Company paid him.

11. Through the scheme and artifice to defraud described above, the defendants GREGORY CARL KOCH and JEROME DAVID KANGAS caused Victim Company to pay several hundred thousand dollars in compensation to KANGAS for work that he did not perform.

## COUNTS 1-5
(Mail Fraud)

12. Paragraphs 1 through 11 are incorporated by reference as if fully set forth herein.

CASE 0:20-cr-00291-DSD-DTS   Doc. 89   Filed 07/07/22   Page 4 of 9

United States v. Gregory Carl Koch, et al.                                Crim. No. 20-291 (DSD/DTS)

13. On or about the dates set forth below, in the State and District of Minnesota, the defendants,

**GREGORY CARL KOCH and
JEROME DAVID KANGAS,**

each aiding and abetting the other, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly sent and caused to be sent, delivered and moved by the United States Postal Service, according to the directions thereon, various mailings, items and things, as described below:

| Count | Date of Mailing (on or about) | Mailing |
|---|---|---|
| 1 | March 18, 2016 | Payroll check in the amount of $2,254.96 mailed to KANGAS by Victim Company |
| 2 | November 25, 2016 | Payroll check in the amount of $2,337.89 mailed to KANGAS by Victim Company |
| 3 | September 1, 2017 | Payroll check in the amount of $1,849.61 mailed to KANGAS by Victim Company |
| 4 | February 16, 2018 | Payroll check in the amount of $2,453.44 mailed to KANGAS by Victim Company |
| 5 | April 27, 2018 | Payroll check in the amount of $2,414.25 mailed to KANGAS by Victim Company |

all in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 6
(Conspiracy)

14. Paragraphs 1 through 11 are incorporated by reference as if fully set forth herein.

15. From in or about June 2013 to approximately June 18, 2018, in the State and District of Minnesota, the defendants,

**GREGORY CARL KOCH and
JEROME DAVID KANGAS,**

CASE 0:20-cr-00291-DSD-DTS   Doc. 89   Filed 07/07/22   Page 5 of 9

United States v. Gregory Carl Koch, et al.                                    Crim. No. 20-291 (DSD/DTS)

did knowingly and willfully conspire with each other to commit offenses against the United States, that is, mail fraud and structuring of currency transactions as set forth in this Superseding Indictment.

16.  The purpose of the conspiracy was to defraud Victim Company by causing the company to pay KANGAS for work that was not performed and to share in the proceeds of the fraud.

### Manner and Means of the Conspiracy

17.  The manner and means of the conspiracy included the conduct described in paragraphs 1 through 11, which are incorporated by reference as if fully set forth herein. The manner and means of the conspiracy further included:

   a.  It was part of the conspiracy that KOCH approved the payment of salary to KANGAS despite KANGAS not performing work commensurate with the salary;

   b.  It was further part of the conspiracy that KOCH submitted annual performance reviews to reflect that KANGAS was a satisfactory employee, when, in fact, KANGAS was not performing work commensurate with the salary he was paid;

   c.  It was further part of the conspiracy that KOCH logged into Victim Company's computer network from time to time using KANGAS's credentials to give the appearance that KANGAS was performing job duties;

    d.    It was further part of the conspiracy that KOCH approved overtime pay to KANGAS which allowed KANGAS to receive additional payments from Victim Company;

    e.    It was further part of the conspiracy that KOCH assisted KANGAS in resetting login credentials to avoid discovery of the scheme; and

    f.    It was further part of the conspiracy that KANGAS shared proceeds of the scheme with KOCH.

**Overt Acts**

18.    In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the State and District of Minnesota and elsewhere:

    (1)    On or about July 28, 2017, KANGAS negotiated and deposited seven checks totaling $12,580.41 at a Wells Fargo Bank branch;

    (2)    On or about July 28, 2017, KANGAS withdrew $5,000.00 in cash at a Wells Fargo Bank branch;

    (3)    On or about August 1, 2017, KANGAS negotiated two checks totaling $18,187.50 at a Wells Fargo Bank branch, received $5,000.00 in cash, and deposited the remaining balance;

    (4)    On or about August 1, 2017, KANGAS withdrew $5,000.00 in cash at a Wells Fargo Bank branch;

    (5)    On or about August 5, 2017, KANGAS withdrew $5,000.00 in cash at a Wells Fargo Bank branch;

    (6)    On or about August 7, 2017, KANGAS negotiated a check in the amount of $18,464.00 at a Wells Fargo Bank branch, received $5,000.00 in cash, and deposited the remaining balance;

CASE 0:20-cr-00291-DSD-DTS   Doc. 89   Filed 07/07/22   Page 7 of 9

United States v. Gregory Carl Koch, et al.            Crim. No. 20-291 (DSD/DTS)

(7) On or about August 10, 2017, KANGAS withdrew $5,500.00 in cash at a Wells Fargo Bank branch;

(8) On or about August 14, 2017, KOCH deposited $29,300.00 in cash to an account at U.S. Bank and obtained a cashier's check for $26,000.00 payable to TD Ameritrade;

(9) On or about August 14, 2017, KOCH sent via overnight mail a cashier's check for $26,000.00 and an application to open an investment account with TD Ameritrade, Inc.;

(10) On or about September 1, 2017, KOCH caused a payroll check to be mailed to KANGAS by the Victim Company;

(11) On or about February 16, 2018, KOCH caused a payroll check to be mailed to KANGAS by the Victim Company;

(12) On or about March 20, 2018, KOCH prepared an annual employee performance review for KANGAS;

(13) On or about April 27, 2018, KOCH caused a payroll check to be mailed to KANGAS by the Victim Company;

(14) On or about June 6, 2018, KOCH and KANGAS communicated with Victim Company personnel to reset KANGAS's password to access the Victim Company network; and

(15) On or about June 15, 2018, KOCH signed and submitted to Victim Company a resignation letter on KANGAS's behalf.

19. All in violation of Title 18, United States Code, Sections 371 and 1341, and Title 31, United States Code, Section 5324, and Title 31, Code of Federal Regulations, Section 1010.

## COUNT 7
(Structuring of Currency Transactions)

20. Paragraphs 1 through 11 are incorporated by reference as if fully set forth herein.

United States v. Gregory Carl Koch, et al.  Crim. No. 20-291 (DSD/DTS)

21. On or about the dates set forth below in the State and District of Minnesota, the defendant,

**JEROME DAVID KANGAS,**

knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, did structure, cause to be structured, and assist in structuring the following transactions with a domestic financial institution:

| Date (on or about) | Financial Institution | Amount | Transaction |
|---|---|---|---|
| July 28, 2017 | Wells Fargo Bank | $5,000.00 | Cash withdrawal |
| August 1, 2017 | Wells Fargo Bank | $5,000.00 | Cash received from check deposit |
| August 1, 2017 | Wells Fargo Bank | $5,000.00 | Cash withdrawal |
| August 5, 2017 | Wells Fargo Bank | $5,000.00 | Cash withdrawal |
| August 7, 2017 | Wells Fargo Bank | $5,000.00 | Cash received from check deposit |
| August 10, 2017 | Wells Fargo Bank | $5,500.00 | Cash withdrawal |

22. All in violation of Title 31, United States Code, Section 5324, and Title 31, Code of Federal Regulations, Section 1010.

**FORFEITURE ALLEGATIONS**

The allegations contained in Counts 1 through 6 are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United

United States v. Gregory Carl Koch, et al.                                                                 Crim. No. 20-291 (DSD/DTS)

States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461.

Upon conviction of Counts 1 through 6 of this Superseding Indictment, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property constituting, or derived from, proceeds traceable to the violations of Title 18, United States Code, Section 1341.

Upon conviction of Counts 6 or 7 of this Superseding Indictment, the defendants shall forfeit to the United States pursuant to Title 31, United States Code, Section 5317(c)(1)(A), all property, real or personal, involved in the offense and any property traceable thereto.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 31, United States Code, Section 5317(c).

A TRUE BILL

_____          _____
UNITED STATES ATTORNEY                          FOREPERSON